Filed March 15, 1892.

---

No. 15,558.

## BARR v. VERMILYA.

PRACTICE.—*Reversing Case on Weight of the Evidence.*—The Supreme Court will usually not reverse a case on the evidence, although the appellant has the preponderance.

From the Jackson Circuit Court.

*W. K. Marshall* and *D. A. Kochenour*, for appellant.

*R. Applewhite, J. F. Applewhite* and *B. E. Long*, for appellee.

MILLER, J.—The appellee sued the appellant to quiet the title to a small tract of land. The complaint was answered by a general denial, and the cause submitted to the court for trial, who found for the plaintiff.

The only question discussed is the sufficiency of the evidence to sustain the finding and judgment of the court.

It is agreed that both parties claim title under Peter Burk.

The evidence shows, without dispute, that Peter Burk sold the property to the appellee, in January, 1888, and conveyed the same to him by two separate general warranty deeds,— one executed January 6th, 1888, in which he was joined by George Burk and Amos Burk and wife, but not by Minerva Burk, his own wife ; the other executed by Peter Burk and wife, on the 29th day of August, 1888. The land had been held by Peter Burk, George Burk and Amos Burk, as tenants in common, but, some time before the sale to Vermilya, had been set off to Peter, in an equitable partition. George and Amos joined in the conveyance to perfect the title. At

the time of the first conveyance, Peter Burk and his wife were separated, and she refused to join in the deed. After a reconciliation between them, the second deed was executed.

The evidence shows, without dispute, that the consideration agreed upon was fully paid, partly to Peter Burk, and partly to his wife.

This makes up the chain of title by which the appellee claims the land.

The evidence on the part of the defendant, who is the appellant here, tends to show that some time prior to the first conveyance made to the appellee, Vermilya, Peter Burk exchanged the land in controversy with the appellant, for another tract of land, and that under the contract each party took possession of the property which he was to receive; that the contract was a parol one, and that no deeds had been executed between them to perfect the exchange. It is conceded that at the time Burk sold the land to the appellee it was in the possession of the appellant.

The appellee meets this evidence with the claim that no such exchange of property ever took place, but that the possession of the appellant was by the mere license of Burk; also that, if such contract of exchange ever took place between Barr and Burk, such contract had been rescinded, and that Barr had sold and conveyed to another the land which he was to convey to Burk in exchange for the property in dispute.

This is denied by the appellant, who claims that he had purchased the property of Burk before he conveyed it away.

No useful purpose would be subserved by setting out the evidence in this opinion. As it comes to us in the record, it seems to preponderate largely in favor of the appellant. It shows, however, that the appellee was, if the appellant owned the land which Burk sold and conveyed to him, grossly imposed upon, and that Peter Burk was the son-in-law of the appellant, and that all the material evidence in

the cause, in favor of the appellant, was given by himself and Burk, and by members of their families; that both the appellant and Burk were impeached, as witnesses, by the testimony of many of their neighbors, and no effort was made to sustain their characters. We are unable to say that this, when taken in connection with the statements and admissions of Burk made as a part of the *res gestæ,* and the statements of the appellant made to the appellee when asked to vacate the premises, and the inferences to be drawn from the conduct of the parties and the logic of events, may not have been sufficient to raise such a conflict of evidence as to forbid us from interfering with the conclusion arrived at by the court.

Judgment affirmed.

Filed March 15, 1892.